**KASEN & KASEN, P.C.**
115 Broadway
5th Floor
New York, New York 10006
Telephone:     (646) 397-6226
Facsimile:     (646) 786-3611
Michael J. Kasen, Esq.
mkasen@kasenlaw.com
*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| JAMES P. McGINNIS, | Chapter 11 |
| Debtor. | Case No. 23-10735-MG |
| JODI KNOX a/k/a JODI KNOX McGINNIS | |
| Plaintiff, | |
| -against- | Adv. Pro. No. 23-_____-MG |
| JAMES P. McGINNIS | |
| Defendant. | |

**COMPLAINT TO**
**EXCEPT DEBT FROM DISCHARGE PURSUANT TO 11 U.S.C. §§ 523(a)(5) and (15)**

Jodi Knox a/k/a Jodi Knox McGinnis (hereinafter, "Knox" or "Plaintiff"), the former wife of James P. McGinnis (hereinafter, "McGinnis", the "Defendant" or the "Debtor" and together with Knox, the "Parties") the debtor and debtor-in-possession in the within chapter 11 case alleges as follows:

**THE PARTIES**

1. Knox is a resident of the State of New York and a creditor in the above referenced chapter 11 case.

2. Upon information and belief, Defendant is a resident of the State of New York and the debtor and debtor-in-possession in the above referenced chapter 11 case.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (I).

5. The predicates for the relief sought herein are §§ 523(a)(5) and (15) of the United States Bankruptcy Code (hereinafter, the "Code").

6. Venue of the Debtor's chapter 11 case and of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### FACTS

**A. The Parties Marriage, Divorce, and Stipulated Support Obligations of McGinnis**

7. Knox and McGinnis were married on or about April 28, 2012.

8. Sometime thereafter, in 2012, a divorce action was commenced in the Supreme Court of New York, New York County styled as *James P. McGinnis v. Jodi McGinnis* and assigned index number 350117/2012 (hereinafter, the "Divorce Proceeding").

9. On or about April 30, 2014 as part of the Divorce Proceeding the Parties entered into a Stipulation of Settlement (hereinafter, "Stipulation of Settlement"), under which, the Defendant became obligated to Knox for, among other things, "Spousal Support Payments" in the amount of $3,500.00 per month commencing on May 1, 2014 and continuing until April 1, 2015 (or the occurrence of certain other events), "Additional Spousal Support Payments" not to

2

exceed $14,000.00, "Basic Child Support" in the amount of $4,250.00 per month commencing on May 1, 2014 and continuing until the Parties child is emancipated as well as certain "Add-On" expenses for the support of the Parties child.[1]

### B. McGinnis Bankrupcty Case

10. On or about May 14, 2023 McGinnis filed for relief under chapter 11 of the Bankruptcy Code.

11. On the Debtor's Schedule E/F, filed on May 30, 2023 [CM/ECF No. 13], Knox was listed as a creditor, indicating that $37,059.04 was owed to Knox and that the debt was for a "Money Judgement". Schedule E/F did not indicate that the debt was entitled to priority as a DSO.

12. The Debtor filed an amended Schedule E/F on July 18, 2023 [CM/ECF No. 16] (hereinafter, the "Amended Schedule"). The Amended Schedule indicated an "Unknown" amount is owed to Knox for "Domestic support obligations".

13. An amount in excess of $200,000 is owed to Knox by McGinnis, all for domestic support obligations.

14. All amounts owed to Knox by McGinnis are for domestic support obligations; primarily child support obligations due under the Stipulation of Settlement, as that agreement may have been modified from time to time.

## COUNT I

**The Debt Owed to Knox by McGinnis Should be Excepted from Discharge Pursuant to 11 U.S.C. § 523(a)(5)**

15. Knox repeats and realleges all allegations contained in paragraphs 1 – 14 herein.

---

[1] The Stipulation of Settlement has been modified at least once and orders in the Divorce Proceeding have adjusted obligations under the Stipulation of Settlement. This complaint does not seek to determine the amount of any money due to the Plaintiff. A formal Proof of Claim will be filed.

3

16. The New York Supreme Court has classified all amounts owed to Knox, specifically the Basic Child Support and Add-On Expenses to be in the nature of support.

17. The New York Supreme Court's determination that the debts owed to Knox are in the nature of support is entitled to deference.

18. The Debtor indicated the debt owed to Knox is in the nature of support.

19. 11 U.S.C. § 523(a)(5) states:

> A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
> [. . .]
> (5) for a domestic support obligation

20. The debt owed to Knox by McGinnis should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

## COUNT II

**Additionally and Alternatively the Debt Owed to Knox by McGinnis Should be Excepted from Discharge Pursuant to 11 U.S.C. § 523(a)(15)**

21. Knox repeats and realleges all allegations contained in paragraphs 1 – 21 herein.

22. The debt owed by McGinnis to Knox is a debt owed to the Debtor's former spouse.

23. The debt owed by McGinnis to Knox was incurred by the Debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of the New York Supreme Court.

24. 11 U.S.C. § 523(a)(15) states:

> A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
> [. . .]

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record.

25. If there is a determination that the debt owed by McGinnis to Knox does not constitute the kind of debt described in Section 523(a)(5) of the Bankruptcy Code, it should none-the-less be excepted from discharge pursuant to 11 U.S.C. § 523(a)(15).

**WHEREFORE** Jodi Knox respectfully requests entry of a judgment deeming the debt owed to her by McGinnis to be non-dischargeable and excepted from any discharge pursuant to 11 U.S.C. § 523(a)(5) or alternatively (a)(15), McGinnis may receive.

Dated: New York, New York
      August 25, 2023    KASEN & KASEN, P.C.

By:  /s/ Michael J. Kasen
Michael J. Kasen, Esq.
Attorneys for Plaintiff
Waterford 121 W. 118, LLC
115 Broadway, 5th Floor
New York, New York 10006
(646) 397-6226

5